IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ALICE MCDANIEL SMALLING, ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **ARROW FINANCIAL SERVICES,** ) <br> **LLC and WALTERINE MCELROY,** ) <br> ) <br> **Defendants.** ) <br> ) | Civil Action No. _____ <br><br> Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' numerous and multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA"), in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

### PARTIES

4. Plaintiff Alice McDaniel Smalling (hereinafter "Plaintiff") is a natural person who resides in Hamblen County, Tennessee, and a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

1

5. Defendant Arrow Financial Services LLC (hereinafter "Defendant Arrow") is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and a for-profit limited liability company organized in Delaware, and may be served through its agent for service of process as follows: CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

6. Defendant Arrow is engaged in the business of purchasing charged-off consumer debts and attempting to collect them from consumers.

7. On information and belief, Defendant Arrow has made a business decision not to obtain a copy of the written contracts signed by consumers when purchasing the charged-off consumer debts.

8. Defendant Walterine McElroy (hereinafter "Defendant McElroy") is a natural person who is an employee or agent of Defendant Arrow and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and may be served at her business address of 5996 W. Touhy Avenue, Niles, IL 60714, or her home address.

## FACTUAL ALLEGATIONS

9. Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt originally owed to or serviced by Washington Mutual Bank ("Washington Mutual") that is allegedly owed to Defendant Arrow in the approximate amount of $5,843.20 as of December 15, 2009.

10. Sometime prior to December 15, 2009, Plaintiff's alleged debt was consigned, sold or otherwise transferred to Defendants for collection from Plaintiff.

### Use of False, Deceptive and Misleading Warrant to Collect Debt

11. Within one year prior to the filing of this Complaint, a Civil Warrant filed in the General Sessions Court of Hamblen County, Tennessee was caused to be served on the Plaintiff by Defendant Arrow.

12. The Civil Warrant was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt and in an attempt to collect the debt.

13. The Civil Warrant was prepared, filed and served on behalf of Defendant Arrow.

14. On March 23, 2010, Plaintiff filed a Sworn Denial in the state court collection lawsuit stating that she had not entered into any agreement with Defendant Arrow for the repayment of debt or otherwise.

15. On June 14, 2010, Defendant Arrow moved the Hamblen County General Sessions Court to nonsuit the case.

16. Upon information and belief, the Civil Warrant was filed by Defendant Arrow knowing it could not establish that Plaintiff owed the debt.

17. The Civil Warrant stated that the amount due on the debt was "$4,905.17, with interest thereon at the rate of 10% per annum from November 30, 2007 until date of Judgment [sic], then with post judgment interest as provided by law until paid in full."

18. "[W]ithout a written contract signed by Defendant, . . . [Plaintiff] may not recover attorney's fees or a contract rate of interest." *Discover Bank v. Henson*, 2008 WL 5272530 at *3, December 18, 2008 (Tenn. Ct. App) (*perm. app. den.* Sup. Ct., June 15, 2009) (quoting, *Holcomb v. Cagle*, 277 S.W.3d 393, 397-98 (Tenn. Ct. App. 2008) (*perm. app. den.* Sup. Ct., December 15, 2008)).

19. On information and belief, Defendant Arrow did not have a copy of the written contract signed by Plaintiff prior to the preparation, filing, and serving the Civil Warrant.

20. On information and belief, the amount of $4,905.17 represented by Defendant Arrow in the Civil Warrant as allegedly owed by Plaintiff included interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

21. On information and belief, the amount of $4,905.17 represented by Defendant Arrow as owed by Plaintiff included principal which had not been correctly reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

22. On information and belief, Defendant Arrow failed to review a copy of the written contract signed by Plaintiff prior to the filing the Civil Warrant to determine if they were entitled to the amount of debt claimed as owed in the Civil Warrant.

23. Defendant Arrow's reliance on Washington Mutual or an assignee of Washington Mutual as to the amount of debt allegedly owed by Plaintiff without a copy of the written contract signed by Plaintiff was unreasonable.

24. The Civil Warrant stated an amount due which was not expressly authorized by the agreement creating the debt or permitted by law.

25. On information and belief, Defendant Arrow did not maintain procedures reasonably adapted to avoid misrepresenting the amount of debt allegedly owed in the Civil Warrant.

26. By materially misrepresenting the amount of debt allegedly owed by Plaintiff by falsely stating or implying that Defendant Arrow was entitled to (a) interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been correctly reduced due to misapplication of payments on the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, Defendant Arrow falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

27. By filing the Civil Warrant which falsely stated or implied that Plaintiff owed a debt in the amount of $4,905.17 while unreasonably relying on Washington Mutual or an assignee of Washington Mutual as to the amount of debt allegedly owed by Plaintiff and without reviewing a copy of the written contract signed by Plaintiff, Defendant Arrow communicated credit information to the General Sessions Court and the general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

28. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants violated 15 U.S.C. § 1692f(1).

29. The statement in the Civil Warrant that Plaintiff owed $4,905.17 was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendant Arrow had

5

attempted to properly calculate the amount owed prior to filing the Civil Warrant, when Defendant Arrow had intentionally made no effort to do so by making a business decision not to obtain or review a copy of the written contract signed by Plaintiff prior to filing the lawsuit, and the amount alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Use of False, Deceptive and Misleading Affidavit to Collect Debt*

30. Within one year prior to the filing of this Complaint, an Affidavit filed in the General Sessions Court of Hamblen County, Tennessee was caused to be served on the Plaintiff.

31. The Affidavit was a "communication" as defined by 15 U.S.C. § 1692a(2) in connection with collection of the debt.

32. An affidavit filed in support of a civil warrant on a sworn account is filed to attest to the correctness of the amount allegedly owed on the account. Tenn. Code Ann. § 24-5-107(a).

33. Defendant McElroy, who authored the Affidavit on December 15, 2009, swore under penalty of perjury that she is "an authorized representative of Arrow Financial Services, LLC", and further made oath that:

    (a) She is "personally familiar with this account based on Arrow Financial Services, LLC's business records, as well as the information supplied to Arrow Financial Services, LLC by WASHINGTON MUTUAL BANK"; (all capital letters in original)

    (b) "That the account of ALICE MCDANIEL (all capital letters in original), bearing Account No. XXXXXXXXXXXX3193 (redacted) is in default and is due and

payable to Arrow Financial Services, LLC, having acquired the account through sale, assignment or other legal means from the assignor";

(c) "The original creditor is WASHINGTON MUTUAL BANK"; (all capital letters in original)

(d) "That the Defendant has failed to tender the payment as provided in the contract and/or note, and there is an amount due on said account in the amount of $5,843.20 as of the date of this Affidavit"; and

(e) "That I am not aware of any other credits which would be due and owing to the Defendant by the Plaintiff."

34. On information and belief, Defendant McElroy did not review any records of the originator of the debt to be able to determine the correct amount of debt owed by Plaintiff, if any, prior to signing the Affidavit.

35. On information and belief, Defendant McElroy did not have access to any of the records of the originator of the debt to be able to determine the correct amount of debt owed by Plaintiff, if any, prior to signing the Affidavit.

36. On information and belief, the only records held by Defendant Arrow at the time Defendant McElroy signed the Affidavit were computer records which contained very limited information about Plaintiff's debt.

37. On information and belief, the only records that Defendant McElroy reviewed prior to signing the Affidavit were the computer records of Defendant Arrow.

38. On information and belief, Defendant McElroy's sworn statements in the Affidavit were made without any personal knowledge of any of the facts asserted as to the amount owed.

39. On information and belief, form affidavits, such as the one filed in the state court lawsuit, are generated automatically by a computer owned by Defendant Arrow upon request and are routinely provided to Defendant McElroy who signs numerous affidavits each day with no personal knowledge of any of the facts asserted in them.

40. On information and belief, after Defendant McElroy places her signature on the affidavits, they are given to another agent of Defendant Arrow to notarize.

41. On information and belief, Defendant McElroy does not personally appear before the notary and her signature on the affidavits are not witnessed by the notary.

42. On information and belief, Defendant Arrow filed the state court collection lawsuit against Plaintiff in an attempt to collect the debt using a false, deceptive and misleading Affidavit as the only evidentiary basis to support its claims.

43. The attestations made by Defendant McElroy in the Affidavit regarding the debt, including, but not limited to the balance of the debt owed by Plaintiff, were material misrepresentations made without any personal knowledge as to the truth of the statements in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and is an unfair means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

44. On information and belief, Defendant Arrow engages in a pattern and practice of filing lawsuits knowingly using false, deceptive, and misleading affidavits signed by persons who lack personal knowledge of the truthfulness of the matters attested to.

45. On information and belief, Defendant Arrow uses virtually identical form affidavits in these lawsuits, alleging facts that are not in possession of Defendant Arrow and to which its officers, employees and/or agents have no personal knowledge.

46. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt while knowingly using the Affidavit signed by Defendant McElroy who lacked personal knowledge of the matters asserted to and which alleged facts not in her possession, Defendants violated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representation or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

47. By filing the state court collection lawsuit against Plaintiff in an attempt to collect the debt with the use of a false, deceptive, and misleading affidavit that represents to Plaintiff and the General Sessions Court that Defendants have actual knowledge of the balance owed on the debt was a false, deceptive, or misleading representation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had the legal right to attempt to collect the debt and for the amount they were attempting to collect, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

48. On information and belief, Defendants McElroy and Arrow did not have a copy of the written contract signed by Plaintiff prior to preparing, signing and filing the Affidavit.

49. On information and belief, the amount of $5,843.20 represented in the Affidavit by Defendant McElroy as owed included interest accrued at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

9
Case 2:10-cv-00257-HSM-WBC   Document 1   Filed 11/22/10   Page 9 of 15   PageID #: 9

50. On information and belief, the amount of $5,843.20 represented in the Affidavit by Defendant McElroy as owed for principal and interest included principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts.

51. On information and belief, Defendant McElroy failed to review a copy of the written contract signed by Plaintiff prior to executing the Affidavit to determine if Defendant Arrow was entitled to the debt claimed as owed in the Affidavit.

52. On information and belief, Defendant Arrow did not maintain procedures reasonably adapted to avoid misrepresenting the amount of debt allegedly owed in the Affidavit.

53. By materially misrepresenting in the Affidavit the amount of debt allegedly owed by Plaintiff by falsely stating or implying that Defendant Arrow was entitled to (a) interest which exceeded the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, and (b) principal which had not been correctly reduced due to misapplication of payments to the balance owed as a result of the addition of interest at a rate exceeding the maximum interest rate of 10% per annum allowed under Tennessee law for unwritten contracts, Defendants falsely represented the character, amount and legal status of the debt in violation of 15 U.S.C. § 1692e(2)(A), and the false representation of the character, amount or legal status of the debt is the use of a false, deceptive, and misleading representation or means in connection with collection of the debt to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

54. By filing the Affidavit which falsely stated or implied that Plaintiff owed $5,843.20, Defendant Arrow communicated credit information to the General Sessions Court and the

10
Case 2:10-cv-00257-HSM-WBC   Document 1   Filed 11/22/10   Page 10 of 15   PageID #: 10

general public which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

55. By attempting to collect amounts (principal and interest) not expressly authorized by the agreement creating the debt or permitted by law, Defendants McElroy and Arrow violated 15 U.S.C. § 1692f(1).

56. The statement in the Affidavit that Plaintiff owed $5,843.20 was a material misrepresentation in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that Defendants had attempted to properly calculate the amount owed prior to filing the Affidavit, when Defendant Arrow had intentionally made no effort to do so by making a business decision not to obtain or review a copy of the written contract signed by Plaintiff prior to filing the lawsuit, and the amount alleged as owed was not authorized by the agreement creating the debt or permitted by law, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

### *Summary*

57. The above-detailed conduct by Defendants in connection with collection of the debt, including, but not limited to falsely representing the character, amount, or legal status of the debt, threatening to take any action that cannot legally be taken or that is not intended to be taken, communicating credit information which is known or which should be known to be false, using false representations or deceptive means to collect or attempt to collect the debt, and attempting to collect amounts not expressly authorized by the agreement creating the debt or permitted by law, was conduct in violation of numerous and multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

58. The acts and omissions of Defendant McElroy as an agent for Defendant Arrow and who communicated with Plaintiff as more further described herein, were committed within the time and space limits of her agency relationship with her principal, Defendant Arrow.

59. The acts and omissions by Defendant McElroy were incidental to, or of the same general nature as, the responsibilities she was authorized to perform by Defendant Arrow in collecting consumer debts.

60. By committing these acts and omissions against Plaintiff, Defendant McElroy was motivated to benefit her principal, Defendant Arrow.

61. Defendant Arrow is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendant Arrow including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

### TRIAL BY JURY

62. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

### CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 *et seq.*

63. Plaintiff incorporates by reference all of the above paragraphs as though fully stated herein.

64. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 *et seq.*, with respect to Plaintiff.

65. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;
- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant, and for Plaintiff;
- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and
- for such other and further relief as may be just and proper.

11/19/10

Respectfully submitted,

**ALICE MCDANIEL SMALLING**

_____
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Morristown, TN 37816-1357
(423) 736-0201
info@alanlee.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF TENNESSEE )
COUNTY OF HAMBLEN )

Plaintiff Alice McDaniel Smalling, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Date: 11, 12, 2010    By: _Alice McDaniel Smalling_
                        Alice McDaniel Smalling

Subscribed and sworn to before me this __11__ day of __Nov.__ 2010.

_Cynthia F. Stacey_
Notary Public

[Notary Seal: CYNTHIA F. STACEY, STATE OF TENNESSEE NOTARY PUBLIC, COUNTY OF HAMBLEN]

15